IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FRANK C. BROWN, Jr., et al.,

      Plaintiffs,

v.

GILBERT A. HURWOOD, et al.,

      Defendants.

Case No. 2:10-cv-880

JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On September 30, 2010, plaintiff, Frank C. Brown, a state prisoner, submitted a complaint and a request for leave to proceed *in forma pauperis*. A Magistrate Judge of this Court conducted an initial screening of the complaint to determine if it was "frivolous, malicious, or fails to state a claim upon which relief may be granted ...." Following that screening, the Magistrate Judge issued a Report and Recommendation recommending that the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A(b). Mr. Brown has objected to that recommendation. For the following reasons, his objection will be overruled and this case will be dismissed.

I.

As the Report and Recommendation explains, Mr. Brown, who is currently incarcerated at the London Correctional Institution located in London, Ohio, filed this case on his own behalf and, apparently, on behalf of other inmates as well, claiming that the law library facilities and the legal assistance provided to inmates at the London Correctional Institution are inadequate and that this inadequacy affects the ability of those inmates to exercise their constitutional right to access the courts. The Report and Recommendation relied on two grounds for recommending dismissal: that the complaint did not satisfy current pleading requirements by alleging, in accordance with the Supreme Court's decision in Lewis v. Casey, 518 U.S. 343, 355 (1996), that he had suffered prejudice in any particular case which he had either filed or intended to file; and that he could not, as a *pro se* inmate litigant, bring claims on behalf of other prisoners. Mr.

Case: 2:10-cv-00880-EAS-TPK Doc #: 9 Filed: 01/06/11 Page: 2 of 5 PAGEID #: 98

Brown objects to both those conclusions, arguing that there is nothing in Fed.R.Civ.P. 23 which prohibits *pro se* prisoner litigants from making class action allegations in their complaints, and that he did allege his claim with sufficient particularity - or, if he did not, he would be able to file an amended pleading which provided the details which the Court found lacking in his initial complaint. The Court will address each of these objections in turn.

## II.

Turning first to the question of class representation, it is true that Rule 23 does not specifically prohibit *pro se* litigants from pleading or conduction class actions. However, as the Report and Recommendation points out, the law in this Circuit is that such litigants can never meet the requirements of that rule concerning the adequacy of their representation of the interests of absent class members. It would certainly be possible that if counsel were subsequently appointed for Mr. Brown, counsel could move for class certification, and with counsel's assistance, Mr. Brown could serve a class representative. That possibility is irrelevant, however, if the dismissal of Mr. Brown's individual claim is required. As the Court of Appeals held in Thompson v. County of Medina, Ohio, 29 F.3d 238 (6th Cir. 1994), it is acceptable for a district court to dismiss a case even if no decision has been made about whether the case should proceed as a class action. Such a dismissal is not, of course, binding in any way on any members of the purported class, but it would not be appropriate to proceed with a case, even to the class certification stage, if the case will simply be dismissed for failure to state a claim. See also J & R Marketing, SEP v. General Motors Corp., 549 F.3d 384, 390 (6th Cir. 2008)("If it is found, prior to class certification, that the named plaintiffs' individual claims are without merit, then dismissal is proper"). The Court therefore turns to that question.

As far as the adequacy of his pleading is concerned, Mr. Brown's reliance on decisions such as Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) to justify the absence of specific allegations of harm is misplaced. That decision relied on the standard set forth in Conley v. Gibson, 355 U.S. 41, 47 (1957), that a complaint should not be dismissed under Rule 12(b)(6) unless it was "beyond doubt" that the pleader could not prove any set of facts under which relief could be granted. Conley, however, was expressly overruled by Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007). The new pleading standard requires more than simply

conclusory statements about whether the pleader will be able to adduce facts to support his or her claim. See also Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Thus, the question presented by Mr. Brown's pleading (and by his objection) is whether the pleading is sufficient to satisfy the requirements of Iqbal and Twombley. The Report and Recommendation concluded that it is not; Mr. Brown argues that it is.

First, Mr. Brown does not appear to take issue with the Report and Recommendation's recital of the applicable substantive law which governs First Amendment claims of access to the Court - namely, that in order for such a claim to be made out, the plaintiff must show specific injury to a pending or contemplated legal action, and not just general inadequacy of prison legal resources. The Report and Recommendation put it this way:

> In Lewis v. Casey, the Supreme Court conceived of this limitation as an issue of standing, holding that any inmate pursuing a claim under Bounds v. Smith "must show actual injury" rather than simply allege or prove that he or she was "being subject to a governmental institution that was not organized or managed properly." Lewis, 581 U.S. at 349-50. The Supreme Court went on to determine that the right recognized in Bounds is not "the right to a law library or to legal assistance" but a narrower right - the "right of *access to the courts*." Id. at 350. That right is not infringed simply because a "prison's law library or legal assistance is subpar in some theoretical sense." Id. at 351. Consequently, in order for an inmate to have standing to bring a claim under Bounds v. Smith for denial of access to the courts, that inmate must both allege and prove that the deficiencies about which he complains had an actual impact on his ability to pursue either an attack on his conviction or sentence, or on a civil rights action dealing with allegedly unconstitutional conditions of confinement.

Report and Recommendation, Doc. #5, at 4.

The Report and Recommendation then held that because the issue is one of standing, and it is the plaintiff's burden to plead sufficient facts to demonstrate his standing to sue, Mr. Brown had failed to satisfy that burden because he alleged only generally that he had been unable to meet certain tight timelines applicable to litigated matters, without identifying any particulars about those matters, including the deadlines he missed, the type of cases involved, or the courts in which they were pending. See id., citing Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001) ("Plaintiff failed to state an access to the court claim because he did not demonstrate

actual prejudice to pending or contemplated litigation"); J.P. v. Taft, 439 F.Supp. 2d 793, 804-05 (S.D. Ohio 2006); see also Odom v. Smith, 2009 WL 125286, *6 (W.D. Mich. January 16, 2009) ("Plaintiff's complaint does not set forth a specific litigation-related harm [and his] allegations fail to state a viable access to courts claim ..."). Mr. Brown does not disagree with the statement that his complaint is short on particulars. However, he argues that its general statements that he and other inmates have been unable to meet ten-day deadlines or thirty-day deadlines are sufficient for pleading purposes. The Court disagrees.

As the Report and Recommendation notes, even prior to the decisions in Iqbal and Twombley, courts had held these types of conclusory allegations to be insufficient to state a claim. Now, particularly under Iqbal, they are patently inadequate. Iqbal expressly held that "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements," and that "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Iqbal, 129 S.Ct. at 1940. It is hard to imagine more conclusory allegations than that the alleged inadequacy of a prison's library or legal assistance has made the plaintiff and/or some other inmates unable to meet deadlines (the source of which is never specified) in cases (which are never identified) at some unknown time, in some unknown court, dealing with some unknown subject matter. If this complaint satisfies Iqbal, it is difficult to envision one which does not, and that would eviscerate the rule that a complaint must contain at least enough in the way of factual averments to allow the Court to determine if the claim meets the "plausibility" standard articulated in Twombley. Consequently, the Court agrees with the Report and Recommendation that the tendered complaint would not survive a Rule 12(b)(6) motion if one were directed to its allegations of denial of the First Amendment right of access to the Courts.

Mr. Brown has stated in his objection, and supports his statement with exhibits, that he can plead this claim with an additional degree of specificity if need be. However, he has not addressed the Report and Recommendation's conclusion that, because he is a

-4-

prisoner whose complaint is subject to the initial screening required by 28 U.S.C. §1915A, no amendments to the complaint are permitted in order to cure pleading deficiencies which are revealed by that screening. From its earliest interpretation of the PLRA, the Court of Appeals has said as much. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997). That rule has been consistently followed. See, e.g., Reagan v. Hull, 99 Fed. Appx. 734, *2 (6th Cir. June 3, 2004)("Since [the] complaint failed to state a claim for relief at the moment of filing, the dismissal of the complaint prior to amendment was appropriate"); Napier v. Kerns, 2009 WL 464453, *3 (S.D. Ohio February 23, 2009)("the Court [does not] have discretion to permit plaintiff to amend his complaint to avoid *sua sponte* dismissal"). Thus, regardless of whether Mr. Brown might be able to supply the missing information in an amended complaint, he is not allowed to do so. It is the adequacy of the initial complaint which is at issue, and the Court, like the Magistrate Judge, finds that complaint inadequate. Dismissal is therefore appropriate.

### III.

For all of the reasons stated in this Opinion and Order, the Court agrees with the conclusion reached by the Magistrate Judge that this complaint is subject to dismissal under 28 U.S.C. §§1915(e)(2) and 1915A for failure to state a claim upon which relief can be granted. The Report and Recommendation (#5) is therefore **ADOPTED AND AFFIRMED** and the plaintiff's objection to that Report and Recommendation (#8) is **OVERRULED**. The motion for an extension of time to file an objection (#7) is **DENIED AS MOOT**. This case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. The Clerk is directed to mail a copy of the complaint, the Report and Recommendation, and this Opinion and Order to the defendants.

**IT IS SO ORDERED.**

1-6-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

-5-